# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT THOMAS IRVIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:19-cv-00156 |
| | ) | |
| **THE CLARKSVILLE** | ) | JUDGE CAMPBELL |
| **MONTGOMERY COUNTY,** | ) | |
| **TENNESSEE CITY COURT and** | ) | |
| **JUDGE CHARLES SMITH,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Before the Court is pro se plaintiff Robert Thomas Irvin's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2). For good cause shown, the Application is **GRANTED**, and the Clerk is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

Because Plaintiff proceeds in forma pauperis, the Court is required by 28 U.S.C. § 1915(e)(2) to conduct an initial review of the Complaint. Upon conducting this review, for the reasons explained herein, the Court will dismiss the complaint in its entirety.

## I.     Initial Review

Section 1915(e)(2) requires the dismissal of any complaint filed in forma pauperis if it is facially frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007), "governs dismissals for failure to state a claim under [§ 1915(e)(2)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The court "need not accept as true legal conclusions or unwarranted factual inferences." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). (quoting *Gregory v. Shelby Cty.*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

A "pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard, however, pro se plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

II. **Factual Allegations and Claims for Relief**

Mr. Irvin alleges that, on March 3, 2009, his driver's license was revoked in the City Court of Clarksville, Montgomery County, Tennessee by Judge Charles Smith. Plaintiff seeks to have his driver's license reinstated. He also demands a "substitution vehicle" for the 1994 Lincoln Town Car he was forced to sell around that time as a result of the suspension of his driver's license.

Plaintiff believes he is entitled to such relief based on *Thomas v. Haslam*, 329 F. Supp. 3d 475 (M.D. Tenn. 2018) (Trauger, J.) (appeal pending), which held that Tenn. Code Ann. § 40-24-105(b) is unconstitutional insofar as it permits the revocation of an indigent person's Tennessee driver's license solely on the basis that he cannot pay court debt due to his financial circumstances.

Plaintiff requests that his complaint be heard by this Court. He demands compensatory and punitive damages, as well as a decree preliminarily and permanently enjoining the violation of his civil rights, and a declaration that the revocation of his driving privileges is a violation of 10 U.S.C. § 855, Article 55 for "cruel and unusual punishment."

### III. Analysis

The Court construes Plaintiff's suit as asserting that Judge Smith's order revoking Plaintiff's driver's license in 2009 based on Plaintiff's inability to pay certain court fees, violated his right to equal protection, in light of Judge Trauger's ruling in *Thomas v. Haslam*. Plaintiff, it appears, has not actually sought the reinstatement of his driver's license following that ruling. Instead, he challenges a ten-year-old judgment by attempting to sue the judge who issued the ruling and the court in which the judge sits.

The Court construes Plaintiff's suit as bringing claims to redress the violation of his constitutional rights under 42 U.S.C. § 1983. The only defendants named in this action are City Court of Clarksville, Montgomery County, Tennessee and Judge Charles Smith, but Plaintiff seeks relief solely on the basis that the 2009 state court judgment revoking his driver's license violated his constitutional rights. The Court finds that this claim is barred by the *Rooker-Feldman* doctrine.

The *Rooker–Feldman* doctrine emerged from two cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "In both cases, the losing party in state court filed suit in federal court after the state proceedings

3

ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291, (2005). "In effect, the plaintiffs in *Rooker* and *Feldman* sought to 'appeal' their state cases to a federal district court." *Sturgis v. Hayes*, 283 F. App'x 309, 312 (6th Cir. 2008). In *Exxon Mobil*, the Supreme Court clarified that "*Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." *Exxon Mobil*, 544 U.S. at 284. In other words, according to the Sixth Circuit, *Rooker-Feldman* applies "only when a plaintiff complains of injury from the state court judgment itself," *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006), that is, "when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law." *McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006).

It is clear in this case that ordinary principles of res judicata would not apply. Under Tennessee law, application of res judicata would require, among other elements, that the same parties or their privies be involved in both suits and that the same claim or cause of action be asserted in both suits. *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). Such identity of parties and claims between this case and the 2009 proceeding in which Plaintiff's driver's license was revoked is entirely absent. However, because Plaintiff's claims for relief against Judge Smith and the Clarksville City Court depend solely upon his assertion that the state court judgment revoking his driver's license was itself unconstitutional or in violation of federal law, *McCormick*, 451 F.3d at 395, it falls within the purview of *Rooker-Feldman*. *See also Lawrence v. Welch*, 531 F.3d 364, 371–72 (6th Cir. 2008) ("[C]laims seeking injunctive relief are barred by *Rooker-Feldman* if they necessarily require the federal court to determine that a state court judgment was erroneously

4

entered.").[1]

Because the *Rooker-Feldman* doctrine bars Plaintiff's claims, the complaint will be dismissed with prejudice for lack of subject-matter jurisdiction. *Accord Loriz v. Connaughton*, 233 F. App'x 469, 476 (6th Cir. 2007).[2] Plaintiff's recourse at this juncture is to attempt to apply for

---

[1] Attached to Plaintiff's complaint in this Court is a virtually identical complaint filed in the City Court of Clarksville in November 2018. Plaintiff states that his initial petition for reinstatement and a substitute vehicle was filed in the state court, Judge Ross H. Hicks presiding, and that an order dismissing the complaint and denying restitution was entered on January 19, 2019, thus "causing Plaintiff's appeal to this court" on identical grounds to those asserted in the Clarksville City Court. (Doc. No. 1, at 2.) Although Plaintiff references Judge Hicks' order, he did not include it with the exhibits attached to the complaint.

To be clear, Plaintiff is not suing Judge Hicks, and Plaintiff does not allege that that judgment violated his constitutional rights *per se*. Rather, dissatisfied with the result in that court, he has simply brought the same claims in this Court. Because Plaintiff is not complaining that Judge Hicks' ruling itself violated his constitutional rights, it does not appear that the *Rooker–Feldman* doctrine bars his claims. *See Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006) (noting that, following *Exxon Mobil Corp.*, the Sixth Circuit applies the *Rooker-Feldman* doctrine "only when a plaintiff complains of injury from the state court judgment itself"); *McCormick*, 451 F.3d at 395 (holding that the doctrine applies narrowly, such as "when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law"). Moreover, it is not clear at this juncture that *res judicata* would apply based on Judge Hicks' dismissal of the complaint filed in state court, because, under Tennessee law, one of the elements of res judicata is that the underlying judgment was final and on the merits. *See Jackson*, 387 S.W.3d at 491. Because that order is not in this Court's records, the curt cannot determine whether the dismissal was on the merits or based on some procedural default.

[2] If the *Rooker-Feldman* doctrine did not apply, Plaintiff's § 1983 claims against Judge Smith would be subject to dismissal on the grounds that the judge is entitled to absolute judicial immunity from suit for damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Although Plaintiff purports to seek injunctive relief, which is not necessarily precluded by judicial immunity, the relief sought is not the type that could be granted against Judge Smith, who is not alleged to be engaged in a continuing violation of Plaintiff's rights. And the claims against the City Court would be subject to dismissal for failure to state a claim for which relief may be granted, as Plaintiff does not allege that the revocation of his driver's license was pursuant to a policy promulgated by the court or the City of Clarksville. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Moreover, if it were established that the City Court was actually a state agency rather than a municipal agency, it would be absolutely immune from suit under the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

5

reinstatement of his driver's license.³

**IV.    Conclusion and Order**

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED**, but this case is **DISMISSED WITH PREJUDICE** based on the Court's lack of subject-matter jurisdiction.

This is the final order in this action, and the Clerk shall enter judgment in accordance with Fed. R. Civ. P. 58.

It is so **ORDERED**.

*[signature]*

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

³ According to his own allegations, Plaintiff may already be a member of the class defined in *Thomas v. Haslam*, 303 F. Supp. 3d 585, 632 (M.D. Tenn. 2018), as including "[a]ll persons whose Tennessee driver's licenses have been or will be revoked pursuant to [Tenn. Code Ann. § 40-24-105(b)] and who, at the time of the revocation, cannot or could not pay Court Debt due to their financial circumstances."